RECEIVED

MAR 30 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

**IN THE**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **TERRY D. TILMON** | **CASE NUMBER: 17-CV-0359** Sec P |
| **VERSUS** | **JUDGE:    HICKS** |
| **WARDEN, WINN CORRECTIONAL CENTER** | **MAG. JUDGE: HORNSBY** |

### OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

NOW INTO COURT comes the petitioner, Terry D. Tilmon (Tilmon), who respectfully submits his Objections to the Magistrate's Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(c).

MAY IT PLEASE THE COURT:

At the outset, the Magistrate's Report and Recommendation (R&R) violates the Due Process and Equal Protection Clauses to the 5th and 14th Amend., U.S.C., as well as the First Amend., and Constitutional Article 1, §9, Cl. 2.

On August 8, 2006, Magistrate Judge Hornsby issued a Memorandum Order in connection with Tilmon's original Writ of Habeas Corpus. The Memorandum Order advised that Tilmon had submitted a mixed petition containing both exhausted and unexhausted claims. Magistrate Hornsby went on to advise that Tilmon had three alternatives. (1) Maintain this petition with the unexhausted claims with full knowledge that the entire petition is subject to dismissal; or (2) indicate to the Court that he wishes to dismiss the unexhausted claims with full knowledge that he will risk the opportunity to present these claims in a successive petition; or (3) dismiss this entire petition so that he can exhaust all of the claims before refiling with full knowledge that he may be barred by the one year time limitation provision on federal habeas

review. (Exhibit A, page 4).

Specifically, Magistrate Hornsby pointed out that "A review of petitioner's petition reveals that he failed to raise all of his claims in the state court. Specifically, petitioner failed to raise claims three, four and five. Thus, petitioner failed to properly exhaust his state court remedies as to claims three, four and five." (Exhibit A, page 2).

Tilmon avers that the Magistrate's assessment that claim three was unexhausted is error. Claim three regarded Tilmon's claim of ineffective counsel due to counsel's failure to maintain Tilmon's intoxication defense.

Subsequently, Tilmon elected to dismiss without prejudice, claim three. During the exhaustion period, the trial court refused to permit Tilmon to exhaust the claim on the basis that the claim was previously litigated and was deemed repetitive.

For example the claim regarding the intoxication defense was first raised at new trial hearings on March 16, 2001. The trial court denied relief wherein Tilmon addressed the claim through an application for post conviction relief.

After numerous proceedings, on April 2, 2008, Tilmon submitted a Motion to Enforce the trial court to conduct evidentiary proceedings in connection with the intoxication defense. The trial court responded with an opinion pointing to transcripts of new trial hearings wherein the intoxication defense was addressed.

On October 2, 2008, and in response to the trial court's opinion dated August 8, 2008, the Second Circuit changed its prior opinion that the claim had not been raised and expressed "A reading of the trial court's August 7, 2008 order indicates that the Court had previously conducted hearings on Mr. Tilmon's claims, and indicates that the Court denied the claims based on those earlier hearings…based on this showing, the trial court has not committed any clear

error in failing to comply with either La. C.Cr.P. Art. 930.4F, or with this Court's order, and the writ seeking enforcement of a previous order is denied." *Ex B*

After filing numerous writs, Tilmon presented the claim before the Louisiana Supreme Court wherein relief was denied.

The Court should note that Tilmon's original habeas petition was timely filed.

Had it not been for the Magistrate's erroneous beliefs that Tilmon's claim was unexhausted, this claim would have been reviewed with Tilmon's original petition during December 14, 2005.

Because of the Magistrate's beliefs that the claim was unexhausted to the contrary, was error that has caused Tilmon to be deprived of the opportunity for a merits judgment for which he is entitled. It is clearly established that the "privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it. Suspension Clause, U.S. Const. Art. 1, §9, Cl. 2.

Tilmon contends that he has a right to be treated similarly as those similarly situated, and the failure to do so violates the Equal Protection Clause, Fourteenth Amend., U.S.C.

Moreover, the Magistrate's erroneous beliefs have deprived Tilmon of due process as a state prisoner may bring a federal habeas petition "Only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2254.

Furthermore, the Magistrate's error should be considered a technical procedural one. Under these circumstances "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 1622.

In *Muniz v. United States of America*, the court held an "essential distinction between a

3

dismissal of a petition…for technical procedural reasons, which does not affect a petitioner's right to file a subsequent petition, and a dismissal on the merits, which renders any subsequent petition 'second or successive' within the meaning of AEDPA." *Muniz*, 236 F.3d 122, 127 (2001, 2nd Cir.). See *In re: Page*, 179 F.3d at 1024, 1025, excusing a prior petition from "counting" as a first petition in such cases avoids serious constitutional questions arising under the suspension clause, U.S. Const. Art. 1, §9, Cl. 2.

Tilmon contends not every literally second or successive petition is second or successive for purposes of AEDPA. See *Martinez-Villareal*, 523 U.S. 637, 643-46. The Supreme Court and other courts have outlined several situations in which a later petition is not "second or successive." (1) Where the later petition raises the same grounds as a previous petition that had been dismissed as premature, see id.; (2) where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies, see *Slack v. McDaniel*, 529 U.S. 473, 146 L.Ed. 2d 542, 120 S.Ct. 1595, 1604-05 (2000); (3) where the earlier petition terminated without a judgment on the merits see *Dickinson v. Maine*, 101 F.3d 791 (1st Cir. 1996); or (4) where the later petition attacks a different criminal judgment, such as where a prisoner who has successfully brought a first habeas claim is retried, reconvicted, and resentenced and then attacks the new judgment, see *Pratt*, 129 F.3d at 62; the first three exceptions involve nominally successive petitions that are really extensions of original actions that, for technical or prematurity reasons, were not addressed on the merits. (Taken from *Sustache-Rivera v. United States of America*, 221 F.3d 8 (1st Cir. 2000).

Tilmon contends due to the technicalities existing in the instant matter, the above factors as mentioned in (2) and (3) are analogous to his situation created by the Magistrate's Memorandum and are basically an extension to his original petition.

4

Tilmon contends that he should not be penalized for the Magistrate's mistaken beliefs that his claim was unexhausted when in fact it was.

## CONCLUSION

Based on the foregoing, this Court has jurisdiction over this matter as this claim was a continuation of the original petition. This Court should note that Tilmon had submitted a properly filed application for post conviction relief that tolled his original petition that was finally exhausted on February 19, 2016. 28 U.S.C. §2244(d)(2).

Respectfully submitted this 28th day of March, 2017.

Terry D. Tilmon #81500
WNC Ash B-2-20
P.O. Box 1435
Winnfield, LA  71483

## CERTIFICATE

I certify that I have served a copy of the foregoing upon counsel for the defendants by placing same in the U.S. Mail properly addressed with proper postage affixed thereon this 28th day of March, 2017.

Terry D. Tilmon #81500

5